IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK SAMS, #38532-086 *
    Petitioner,
v.      *     CIVIL ACTION NO. AW-10-1312

ATTORNEY GENERAL OF THE STATE OF *
 MARYLAND
JEFF THOMAS *
    Respondents.
                             ***

**MEMORANDUM**

The following background information is culled from pleadings, the U.S. District Court PACER docket, and the official Maryland Judiciary Case Search website. Mark Sams entered a guilty plea to one count of access device fraud and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 10128(a)(2) & (a)(1). Judgment was entered on January 9, 2009, in the United States District Court for the District of Montana. *See United States v. Sams*, Criminal No. DWM-08-32 (D. Mt.) Sams was sentenced to a cumulative 42-month term in the U.S. Bureau of Prisons and three years of supervised release. *Id*.

On May 21, 2010, Sams, who is confined at the Federal Correctional Institution in Sheridan, Oregon, filed a 28 U.S.C. § 2241 Petition for writ of habeas corpus. When separating the chaff from the wheat, he is claiming that Respondents are violating his due process rights by failing to afford him a timely hearing on an alleged probation violation detainer issued by a Maryland state court in Baltimore County.[1]

Because he appears indigent, Sams's Motion to Proceed *In Forma Pauperis* shall be granted.

---

[1] The attachments reference two state criminal matters involving convictions for second-degree assault and theft under $500.00. *See States v. Sams,* Criminal Case Nos. 6C00147111 & 2C00143999 (District Court for Baltimore County) http://casesearch.courts.state.md.us.

His Petition, however, shall be dismissed. Sams is challenging neither the legality nor duration of his confinement on his 2009 federal convictions. Rather, he is challenging the legality of a state detainer warrant filed against him. The warrant was filed and treated as an administrative detainer. This simply served to notify federal prison authorities that Sams may be charged with a violation of state probation and to assure that the inmate would not be released from custody until the probation violation was acted upon.

An inmate is not entitled to a prompt hearing where the probation violation warrant is simply filed as a detainer at the institution of his confinement. *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1976). Where a probationer has already been convicted of and incarcerated on an offense, the procedural protections under the Fourteenth Amendment, which require a prompt revocation hearing, are inapplicable.

A separate order follows dismissing the Petition.


Date: June 24, 2010 _____/s/_____
Alexander Williams, Jr.
United States District Judge